IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA SANCHEZ,

        Plaintiff,

       v

JO ANNE B BARNHART, Commissioner of Social Security,

        Defendant.

_____/

No C 03-4581 VRW

ORDER

        Plaintiff Cynthia Sanchez brings a motion for an order awarding attorney fees to her counsel, Harvey P Sackett (petitioner), pursuant to 42 USC § 406(b).  Doc # 33.

        According to plaintiff's moving papers, she has since obtained a fully favorable decision from the Social Security Administration (SSA) and received a gross total of $39,382 in retroactive benefits.  That amount is subject to a twenty-five percent contingent fee agreement with her counsel, of which she submits documentation.  As is its usual practice, the SSA has

\\

1  withheld $9,845.50 toward a contingent fee award.  Petitioner
2  states that through inadvertent error, he failed to apply to the
3  court for an award under the Equal Access to Justice Act (EAJA), 28
4  USC § 2412(d)(1)(A).  Pl's Mem (Doc # 33) at 13.  Stating that
5  "[t]his is a mistake for which [plaintiff] should not be
6  penalized," petitioner proposes to reduce the contingent fee award
7  request by $3,667.68, which would represent a hypothetical EAJA
8  award to be offset against the 42 USC § 406(b) contingent fee
9  claimed.  This amounts to a net fee request of $6,177.82 for 22.3
10 hours of representation.
11          Petitioner states that his non-contingent billing rate
12 is $450.  Doc # 33 at 12.  Defendant Jo Anne B Barnhart "takes no
13 position on the reasonableness of the fee request," Doc # 35 at 3,
14 but suggests that the "de facto" billing rate of $441/hour for
15 petitioner's services ($9,845.50/22.3 hours) is too high, pointing
16 out that it is 2.5 times the statutorily-capped EAJA rate of
17 $165.71.  Id at 4-5.
18          In Gisbrecht v Barnhart, 535 US 789 (2002), the United
19 States Supreme Court upheld the use of contingent fee agreements
20 between social security claimants and their attorneys, with the
21 limitation that district courts have the power to review fee
22 agreements and interpose an independent check to assure "reasonable
23 results in particular cases."  Id at 807.
24          It is the practice of the undersigned judge to rely on
25 official data to determine appropriate hourly rates, not on an
26 attorney's self-proclaimed rates or declarations regarding hourly
27 rates charged by law firms.  One reliable official source for rates
28 that vary by experience levels is the Laffey matrix used in the

**2**

District of Columbia.  See http://www.usdoj.gov/usao/dc/ Divisions/Civil_Division/Laffey_Matrix_5.html (citing Laffey v Northwest Airlines, Inc, 572 F Supp 354 (D DC 1983), aff'd in part, rev'd in part on other grounds, 746 F2d 4 (DC Cir 1984), cert denied, 472 US 1021 (1985))(website consulted January 22, 2007).

See, e g, In re HPL Technologies, Inc Securities Litigation, 366 F Supp 2d 912, 921 (ND Cal 2005)(Laffey matrix used to determine fee rates where senior attorney devoted much time to settlement discussions and preparation).  Under the 2006 Laffey matrix, attorneys with 20 or more years of experience bill $405/hour.  These rates are tailored to the District of Columbia. Petitioner in this matter is based in San Jose.  It is this court's practice to adjust fees drawn from the Laffey matrix in accordance with the locality pay differentials applicable to the federal judiciary, an agency that employs legal professionals throughout the United States.  See http://www.opm.gov/oca/07tables/indexGS.asp. The Washington-Baltimore area is subject to a +18.59% locality pay differential, whereas the Los Angeles-Long Beach-Riverside area is subject to a 30.53% locality pay differential.  The discrepancy between these two percentages – 9.9%[1] – amounts to the upward adjustment from the Laffey rates to which petitioner is entitled.

The court thus concludes that $445 per hour constitutes a reasonable fee for petitioner's time.  This rate is remarkably close to the $441/hour petitioner would receive if he recovered the full contingent fee.  The fee request is therefore reasonable.

\\

\\

---

[1] (130.33 - 118.59)/118.59 = 0.09899, or about 9.9%

**3**

The motion for attorney fees is GRANTED.  Petitioner shall collect $6,177.82 in accordance with 42 USC § 406(b)(1)(A).

IT IS SO ORDERED.

**VAUGHN R WALKER**
**United States District Chief Judge**